IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,930 (HABEAS CORPUS)
NO. AP-75,931 (PROHIBITION)




EX PARTE HELIBERTO CHI, Applicant



ON APPLICATION FOR A WRIT OF HABEAS CORPUS
AND PETITION FOR A WRIT OF PROHIBITION
CAUSE NO. 0805594 IN THE CRIMINAL DISTRICT COURT NUMBER 3
OF TARRANT COUNTY 



               Hervey, J., announced the judgment of the Court and delivered an opinion in which
Keller, P.J., and Meyers and Keasler, JJ., joined. Cochran, J. filed a concurring opinion
in which Womack, J., joined. Price, J., filed a dissenting opinion. Johnson, J., filed a
dissenting opinion in which Holcomb, J., joined. 

 
O P I N I O N 

           Chi is a death-row inmate who had an execution date set when he filed a subsequent (second)
habeas corpus application under Article 11.071, Tex. Code Crim. Proc, and a motion for leave to
file a petition for a writ of prohibition. These pleadings contain a claim that Texas’ lethal-injection
protocol violates the Eighth Amendment’s prohibition against cruel and unusual punishments and
a request that Chi’s execution be prohibited under Texas’ current lethal-injection protocol.
            In Ex parte Alba, the applicant challenged Texas’ lethal-injection protocol in a subsequent
habeas corpus application. See Ex parte Alba, slip op. at 2 (Tex.Cr.App. No. AP-75,510, decided
this day). We held that this is not a cognizable habeas corpus claim under Article 11.071, and we
dismissed Alba’s subsequent habeas corpus application. See Alba, slip op. at 9. Pursuant to Alba,
we also dismiss Chi’s subsequent habeas corpus application in Ex parte Chi, No. WR-61,600-02.
            With respect to Chi’s petition for a writ of prohibition, Chi is required to show that he has
a clear legal right to the relief that he seeks (in this case the prohibition of his execution by what he
claims is an unconstitutional lethal-injection protocol) and that he has no adequate remedy at law. 
See State ex rel. Wade v. Mays, 689 S.W.2d 893, 897-900 (Tex.Cr.App. 1985). Chi obviously meets
this latter requirement, since he has no right to present his Eighth Amendment claim by way of
appeal or habeas corpus application under Article 11.071. The issue, therefore, is whether Chi has
a clear right to the relief that he seeks. See Wade, 689 S.W.2d at 897 (entitlement to writ of
prohibition must be shown to be “clear and indisputable,” or “unequivocal,” or “abundantly clear”) 
and at 898 n.11 (party seeking writ of prohibition “must make a clear showing that under certain
facts, the law is subject to but one interpretation; he then must show that undisputed facts exist
which entitle him unequivocally to a right flowing from that single interpretation”).



            Chi’s petition for writ of prohibition is predicated on the United States Supreme Court’s
decision in Baze v. Rees, 553 U.S. (2008).


 In Baze, the United States Supreme Court by a 7-2
vote upheld Kentucky’s lethal-injection protocol, which is materially indistinguishable from Texas’
lethal-injection protocol.


 In addition, like the petitioners in Baze, Chi’s principal claim in this
proceeding is “the risk of pain from maladministration of a concededly humane lethal injection
protocol.”


 And, like the petitioners in Baze, Chi’s maladministration claim focuses on the
possibility that the first drug in the lethal-injection protocol, sodium thiopental (also known as
Pentathol), will not be properly administered.


 The United States Supreme Court in Baze clearly and
unambiguously upheld Kentucky’s lethal-injection protocol. See Baze, slip op. at 15-17 (Kentucky’s
lethal-injection protocol does not create substantial risk that first drug in the protocol will be
improperly administered), and at 23 (“Kentucky has adopted a method of execution believed to be
the most humane available, one it shares with 35 other States. Petitioners agree that, if administered
as intended, the procedure will result in a painless death. The risks of maladministration they have
suggested–such as improper mixing of chemicals and improper setting of IVs by trained and
experienced personnel–cannot remotely be characterized as ‘objectively intolerable.’ Kentucky’s
decision to adhere to its protocol despite these asserted risks, while adopting safeguards to protect
against them, cannot be viewed as probative of the wanton infliction of pain under the Eighth
Amendment.”).



            Chi also points to a possible maladministration of a lethal-injection protocol during an
execution of a person named Angel Diaz in Florida. See Chi’s Petition for Writ of Prohibition at 11-14. This, however, is insufficient to establish an Eighth Amendment violation. See Baze, slip op.
at 11 (“an isolated mishap alone does not give rise to an Eighth Amendment violation”); O’Brien,
190 S.W.3d at 682 (Cochran, J., concurring) (“Courts cannot judge the lethal injection protocol
based solely on speculation as to problems or mistakes that might occur”) (emphasis in original).
            Concluding that Chi’s Eighth Amendment claim has no merit, we decide that Chi cannot
establish that he has a clear right to the relief that he requests. Chi’s petition for writ of prohibition
is denied and his stay of execution is lifted.


                                                                                    Hervey, J.


Delivered: June 9, 2008
Publish