

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,930 (HABEAS CORPUS)
## NO. AP-75,931 (PROHIBITION)

### EX PARTE HELIBERTO CHI, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS AND PETITION FOR A WRIT OF PROHIBITION CAUSE NO. 0805594 IN THE CRIMINAL DISTRICT COURT NUMBER 3 OF TARRANT COUNTY

HERVEY, J., announced the judgment of the Court and delivered an opinion in which KELLER, P.J., and MEYERS and KEASLER, JJ., joined. COCHRAN, J. filed a concurring opinion in which WOMACK, J., joined. PRICE, J., filed a dissenting opinion. JOHNSON, J., filed a dissenting opinion in which HOLCOMB, J., joined.

## O P I N I O N

Chi is a death-row inmate who had an execution date set when he filed a subsequent (second) habeas corpus application under Article 11.071, TEX. CODE CRIM. PROC, and a motion for leave to file a petition for a writ of prohibition. These pleadings contain a claim that Texas' lethal-injection protocol violates the Eighth Amendment's prohibition against cruel and unusual punishments and a request that Chi's execution be prohibited under Texas' current lethal-injection protocol.

In *Ex parte Alba*, the applicant challenged Texas' lethal-injection protocol in a subsequent

habeas corpus application. *See Ex parte Alba*, slip op. at 2 (Tex.Cr.App. No. AP-75,510, decided this day). We held that this is not a cognizable habeas corpus claim under Article 11.071, and we dismissed Alba's subsequent habeas corpus application. *See Alba*, slip op. at 9. Pursuant to *Alba*, we also dismiss Chi's subsequent habeas corpus application in *Ex parte Chi*, No. WR-61,600-02.

With respect to Chi's petition for a writ of prohibition, Chi is required to show that he has a clear legal right to the relief that he seeks (in this case the prohibition of his execution by what he claims is an unconstitutional lethal-injection protocol) and that he has no adequate remedy at law. *See State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897-900 (Tex.Cr.App. 1985). Chi obviously meets this latter requirement, since he has no right to present his Eighth Amendment claim by way of appeal or habeas corpus application under Article 11.071. The issue, therefore, is whether Chi has a clear right to the relief that he seeks. *See Wade*, 689 S.W.2d at 897 (entitlement to writ of prohibition must be shown to be "clear and indisputable," or "unequivocal," or "abundantly clear") and at 898 n.11 (party seeking writ of prohibition "must make a clear showing that under certain facts, the law is subject to but one interpretation; he then must show that undisputed facts exist which entitle him unequivocally to a right flowing from that single interpretation").[1]

Chi's petition for writ of prohibition is predicated on the United States Supreme Court's decision in *Baze v. Rees*, 553 U.S. __ (2008).[2] In *Baze*, the United States Supreme Court by a 7-2

---

[1]

We need not decide whether the "clear right to relief" prong has a different or broader meaning in the prohibition context than for mandamus. Under any possible view of that prong, the applicant in this case has failed to show that he is entitled to relief.

[2]

Chi filed his petition for writ of prohibition after the United States Supreme Court had granted certiorari in, but before it decided, *Baze*. Chi asserted in his motion for leave to file that he "has filed pleadings raising the identical issue granted certiorari review in *Baze*[.]"

vote upheld Kentucky's lethal-injection protocol, which is materially indistinguishable from Texas' lethal-injection protocol.[3] In addition, like the petitioners in *Baze*, Chi's principal claim in this proceeding is "the risk of pain from maladministration of a concededly humane lethal injection protocol."[4] And, like the petitioners in *Baze*, Chi's maladministration claim focuses on the possibility that the first drug in the lethal-injection protocol, sodium thiopental (also known as

---

[3]

*Compare Baze*, slip op. at 4-7 (describing Kentucky's lethal-injection protocol) *with* Texas Department of Criminal Justice, Correctional Institutions Division, Execution Procedure (April 2005) (Exhibit 1 to State's reply to petition for writ of prohibition and part of Exhibit 1 to Chi's petition for writ of prohibition); *see also Ex parte O'Brien*, 190 S.W.3d 677, 678-83 (Tex.Cr.App. 2006) (Cochran, J., concurring); Chi's petition for writ of prohibition at 1-2 (stating that because "the manner currently intended to administer a lethal injection to Mr. Chi has not been deemed constitutional by the United States Supreme Court, and because the U.S. Supreme Court has recently granted a writ of *certiorari* on that very question, *see Baze v. Rees*, 07-5439, Mr. Chi requests that this Court grant him a writ of prohibition prohibiting defendants from administering a lethal injection to him in the manner currently intended until such time as the merits of the dispute have been resolved") and at 15 (stating that the Supreme Court in *Baze* "agreed to review the constitutionality of the manner that the Respondents intend to use to administer Mr. Chi's lethal injection"); Chi's motion for leave to file a petition for writ of prohibition at 3 (stating that Chi "has filed pleadings raising the identical issue granted certiorari review in *Baze*"). We note that Chi's subsequent habeas corpus application also states that the Supreme Court granted certiorari in *Baze* to decide whether the administration of a lethal injection "materially indistinguishable" from Texas' violates the Eighth and Fourteenth Amendments.

> Last week, the Supreme Court decided to weigh in on the issue of the constitutionality of lethal injection by States like Texas. See *Baze v. Rees*, No. 07-5439. **The Court will now decide whether the administration of a lethal injection materially indistinguishable from Texas's violates the Eighth and Fourteenth Amendments.** Mr. Chi herein asserts his right to remain free from cruel and unusual punishment, and asks this Court to stay his execution pending the Supreme Court's resolution of this important question, which will definitively determine whether he is entitled to the relief herein sought.

Chi's habeas corpus application at 2 (emphasis supplied).

[4]

*Compare Baze*, slip op. at 3 *with* Chi's petition for writ of prohibition at 6-11.

Pentathol), will not be properly administered.[5] The United States Supreme Court in *Baze* clearly and unambiguously upheld Kentucky's lethal-injection protocol. *See Baze*, slip op. at 15-17 (Kentucky's lethal-injection protocol does not create substantial risk that first drug in the protocol will be improperly administered), and at 23 ("Kentucky has adopted a method of execution believed to be the most humane available, one it shares with 35 other States. Petitioners agree that, if administered as intended, the procedure will result in a painless death. The risks of maladministration they have suggested–such as improper mixing of chemicals and improper setting of IVs by trained and experienced personnel–cannot remotely be characterized as 'objectively intolerable.' Kentucky's decision to adhere to its protocol despite these asserted risks, while adopting safeguards to protect against them, cannot be viewed as probative of the wanton infliction of pain under the Eighth Amendment.").[6]

Chi also points to a possible maladministration of a lethal-injection protocol during an execution of a person named Angel Diaz in Florida. *See* Chi's Petition for Writ of Prohibition at 11-14. This, however, is insufficient to establish an Eighth Amendment violation. *See Baze*, slip op. at 11 ("an isolated mishap alone does not give rise to an Eighth Amendment violation"); *O'Brien*, 190 S.W.3d at 682 (Cochran, J., concurring) ("Courts cannot judge the lethal injection protocol

---

[5] *Compare* Chi's Petition for Writ of Prohibition at 8 ("Generally, if successfully delivered into the circulation in sufficient quantities, three grams [of the first drug in the lethal injection protocol] causes sufficient depression of the nervous system to permit otherwise excruciatingly painful procedures to be performed without causing discomfort or distress.").

[6] Had the Supreme Court decided that Kentucky's lethal-injection protocol violated the Eighth Amendment for reasons applicable to Texas' lethal-injection protocol, then we believe that Chi would have been entitled to the writ of prohibition, since the undisputed facts and the undisputed law unequivocally would have required it. *See Mays*, 689 S.W.2d at 897-900.

based solely on speculation as to problems or mistakes that *might* occur") (emphasis in original).

Concluding that Chi's Eighth Amendment claim has no merit, we decide that Chi cannot establish that he has a clear right to the relief that he requests. Chi's petition for writ of prohibition is denied and his stay of execution is lifted.


Hervey, J.


Delivered: June 9, 2008
Publish