

## NUMBERS 13-11-00382-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE RANDALL BOLIVAR

**On Writ of Prohibition**
**Emergency Motion to Stay Court Proceedings.**

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Memorandum Opinion Per Curiam[1]**

On June 17, 2011, Randall Bolivar filed a "Writ of Prohibition Emergency Motion to Stay Court Proceedings." The Court has requested and received a response from the State of Texas, acting by and through the Honorable Armando R. Villalobos, Cameron County District Attorney.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

The traditional test for determining whether mandamus or prohibition relief is appropriate requires the relator to establish (1) that he has no adequate remedy at law to redress the harm that he alleges will ensue if the act he wishes to prohibit is carried out, and (2) that that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009). If the relator fails to satisfy either aspect of this two-part test, then relief should be denied. *See id.* The latter requirement is satisfied if the relator can show he has "a clear right to the relief sought"—that is to say, "when the facts and circumstances dictate but one rational decision" under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles. *State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). The "essential difference" between a writ of prohibition and a writ of mandamus is that the former issues to prevent the commission of a future act whereas the latter operates to undo or nullify an act already performed; the former will not be granted when the act sought to be prevented is already done, but will lie when such an act is not a full, complete and accomplished judicial act. *Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985).

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise

2

argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3.  In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief.  *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the Writ of Prohibition Emergency Motion to Stay Court Proceedings and the response thereto, is of the opinion that relator has not met his burden to obtain the requested relief.  *See State ex rel. Young*, 236 S.W.3d at 210.  Accordingly, relator's petition for writ of prohibition and emergency motion to stay is denied.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

J. Benavides, dissenting without a separate opinion, would conclude that the record provided is sufficient to examine relator's claims on the merits.

Do not publish.  TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 24th day of June, 2011.

3