

**IN THE
TENTH COURT OF APPEALS**

---

**No. 10-13-00117-CR**

**IN RE MICHAEL JON BAILEY**

---

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

Michael Jon Bailey has presented this Court with a "Petition for Writ of Prohibition Nun (sic) Pro Tunc" against the Justice Court, Precinct 3, of Johnson County for actions that have already occurred and the County Courts at Law Numbers 1 and 2 of Johnson County, for actions that may occur. The petition is 26 pages and attached to it is an appendix of over 100 pages that is not indexed and not sequentially numbered. The appendix consists of a number of documents identified as separate appendices and there are a number of documents in each. Further, Bailey has filed a 46 page "Brief in Support of Petition for Writ of Prohibition Nun (sic) Pro Tunc/Please Take Judicial Notice."

It is difficult to follow what Bailey's current complaint is or exactly what relief he seeks. This is in large part because he does not comply with the procedural requirements of original proceedings—including, but not limited to, a concise statement of issues presented for relief, a clear and concise argument for the contentions made, and a proper appendix and record containing certified or sworn copies of the documents upon which the relief is requested. *See* TEX. R. APP. P. 52.3(f), (h); 52.3(k); 52.7. Thus, his petition lacks the focus necessary to assist the Court in deciding if he is entitled to any relief. However, to expedite a decision in this proceeding, we use Rule 2 to suspend the rules and overlook these and other deficiencies. *See* TEX. R. APP. P. 2.

***Writ of Prohibition of "Lower Courts"***

Generally, a writ of prohibition issues to prevent the commission of a future act. *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985). It will not be granted when the act sought to be prevented is already done. *Id*. A writ of mandamus, on the other hand, operates to undo or nullify an act already performed. *Id*. In order to show that he is entitled to extraordinary relief by either of these methods, an applicant must demonstrate that: (1) he has no other adequate remedy at law; and that (2) he is clearly entitled to the relief sought. *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993); *Id*.

In October of 2011, Bailey was charged with the traffic offenses of failure to display a valid vehicle license registration and of failure to be secured by a safety

restraint (seat belt). It appears, and we gather this observation primarily from his prayer for relief, that Bailey seeks a writ to prohibit the County Courts at Law Numbers 1 and 2 of Johnson County from proceeding on appeal with the prosecution of these charges against Bailey, holding Bailey prisoner, sentencing Bailey, and making any and all demands on Bailey when no jurisdiction has been proven on the record.

The most fundamental of Bailey's complaints is that after he challenged the jurisdiction of the Justice Court, the court failed to place "written proof of jurisdiction upon the record." We note that the justice courts of Johnson County are not courts of record. Further, there is no need to make such a record because any judgment may be appealed, and the appeal is by trial de novo. TEX. CODE CRIM. PROC. ANN. art 45.042(b) (West 2006). Thus, what occurred in the Justice Court is immaterial if properly appealed. A record is made in the County Court to which the appeal is taken. Any error in asserting jurisdiction at that level, including its invocation through the appeal of a judgment and sentence from a justice court, may be appealed.

But, more fundamentally to addressing Bailey's complaint as applied to proceedings in either court, is that it is not incumbent on the court to place its basis for jurisdiction on the record. To do this in every case or even in those cases where the jurisdiction is challenged would be a waste of judicial resources. Moreover, by proving the elements of the crimes committed by Bailey, the State proved that Bailey has

violated the penal statutes of the State within the territorial jurisdiction of the justice court.  *See* TEX. CODE CRIM. PROC. ANN. art 45.019(a), (b) (West 2006).

It also appears that Bailey seeks a writ to prohibit the County Courts at Law Numbers 1 and 2 of Johnson County from prosecuting Bailey when the Courts did not provide sworn complaints at least a day before any proceeding.  There is nothing in the documents attached to Bailey's petition that indicate the County Courts at Law are in the process of doing anything against Bailey that would entitle him to the relief sought. *See* TEX. R. APP. P. 52.3(k); 52.7.  He received notice of the charges against him by receipt of the citation at the time of the offense.  *See* Petition Ex. D401.  The criminal complaint is a different document and is timely served if it is delivered to Bailey no later than one day before trial.  TEX. CODE CRIM. PROC. ANN. art 45.018(b) (West 2006).  Moreover, any alleged error about the timeliness of the complaint is capable of being reviewed/cured by his appeal to the County Court at Law.  According to the documents presented by Bailey, he has now had the complaint since October 19, 2012.

Bailey also seeks a writ to prohibit "all inferior courts," presumably the Justice Court about which he complains in his petition, the County Courts, and District Courts from exercising jurisdiction, making any demands, or calling Bailey to answer any complaint regarding these charges without first proving jurisdiction and providing the complaint in a timely manner; from prosecuting Bailey when there is no injured party or no injured party is present in court; and from criminally prosecuting Bailey as a

fictitious corporate entity. All documents attached to Bailey's petition indicate that any action sought to be prevented in the Justice Court has already been done. Bailey included notices and docket entries by the Justice Court which indicated Bailey initially pled not guilty but subsequently, when he appeared for trial, pled no contest to the two traffic offenses and was fined for those offenses. A writ of prohibition would not issue in this instance.

In any event, if Bailey is requesting a writ of prohibition against the District Court, County Courts at Law, or the Justice Court, we have no jurisdiction to enter such a writ in a criminal law matter. *In re Ruston*, No. 05-13-00417-CV, 2013 Tex. App. LEXIS 4268 (Tex. App.—Dallas Apr. 3, 2013, orig. proceeding) (mem. op.); *Allen v. Guarino*, 635 S.W.2d 129, 129 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). The Texas Constitution and the Texas Code of Criminal Procedure grant the Court of Criminal Appeals the power and authority to issue writs of prohibition in criminal matters.[1] TEX. CONST. art. V, § 5(c) ("…the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, **prohibition**, and certiorari.") (emphasis added); TEX. CODE CRIM. PROC. art. 4.04, § 1 (West 2005) ("The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and

---

[1] Disputes which arise over the enforcement of statutes governed by the Texas Code of Criminal Procedure, and which arise as a result of or incident to a criminal prosecution, are criminal law matters. *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993).

issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, **prohibition**, and certiorari.") (emphasis added). The intermediate appellate courts, such as this Court, were not given the same power or authority. *See* TEX. CONST. art. V, § 6; TEX. CODE CRIM. PROC. art. 4.03 (West Supp. 2012).

Accordingly, to the extent Bailey is requesting a writ of prohibition, his request is dismissed.

*Mandamus of Justice Court*

If Bailey is actually also requesting a writ of mandamus to issue against the Justice Court for acts already completed, his request suffers the same fate as his writ of prohibition. We have no jurisdiction to issue a writ of mandamus against a judge of a justice court. *See* TEX. GOV'T CODE ANN. § 22.221(b) (West 2004) ("Each court of appeals for a court of appeals district may issue all writs of mandamus…against a: (1) judge of a district or county court in the court of appeals district[.]").

To the extent Bailey requests a writ of mandamus against the Justice Court, it is dismissed.

*Mandamus of Prosecutor*

In addition to the above requested prohibitions, Bailey demands that we order the prosecutor to prove jurisdiction on the record, answer the affidavits and motions by Bailey challenging jurisdiction and to dismiss with prejudice all causes it has against Bailey. With this demand to "undo or nullify an act already performed," *see State ex rel.*

*Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985), it appears Bailey demands a writ of mandamus to issue against a prosecutor. As we have already explained, we only have the power to issue writs of mandamus against certain judges. *See* TEX. GOV'T CODE ANN. § 22.221(b) (West 2004).

Thus, a request, if any, for a writ of mandamus against the prosecutor is dismissed.

*Appeal of Conviction and Other Actions*

In the alternative, Bailey demands that we reverse all actions in the underlying causes and release Bailey from those complaints. We cannot reverse any actions through a writ of prohibition or a writ of mandamus because Bailey had a remedy by appeal. *See State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 n. 9 (Tex. Crim. App. 1985) (prohibition); *Hazen v. Pickett*, 581 S.W.2d 694 (Tex. Crim. App. 1979) (mandamus).

If Bailey is attempting to appeal by this petition the Justice Court's actions, the appeal is too late. Generally, a notice of appeal in a criminal case must be filed within 30 days after the day sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(1). But an appeal of a justice court judgment and sentence must be perfected by an appeal bond filed with the justice who heard the case not later than the 10th day after the date the judgment was entered. TEX. CODE CRIM. PROC. ANN. art 45.0426(a) (West 2006). It appears Bailey was sentenced on June 13, 2012. Thus, Bailey's notice of appeal would have been due July 13, 2012. Further, appeals from convictions in the

justice court are to the county court at law, not this Court. *See* Tex. Code Crim. Proc. Ann. art. 45.042 (West 2006). We are unable to tell from the documents presented if Bailey properly and timely appealed his conviction to the County Court at Law as was his right. Nevertheless, he has failed to properly invoke our jurisdiction for an appeal.

*Relief Against District Courts*

Finally, at one point in the petition, Bailey references the District Court's refusal to become involved in his dispute with the County Courts at Law. It is unclear from what Bailey has presented what his request was or how the court may have erred. This complaint is dismissed as inadequately briefed. *See* Tex. R. App. P. 38.8(i).

## CONCLUSION

For the reasons stated, Bailey's petition is dismissed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition dismissed
Opinion delivered and filed May 2, 2013
Do not publish
[OT06]