29,892-22

Roy L. Smithwick, Jr.
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville, Tex. 78102

Court of Criminal Appeals
Capitol Station
P.O. Box 12308
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 08 2015
Abel Acosta, Clerk

RE: Petition for Writ of Mandamus

Dear Clerk,

    Enclosed please find a Petition for Writ of Mandamus relating
to WR-29,892-21.

    Will you please file and set the cause for review of the Court
to address the issues presented.

Roy L. Smithwick, Jr.

7-4-15

NO: _____


In THE COURT OF CRIMINAL APPEALS


In Re ROY LOUIS SMITHWICK JR.


PETITION FOR WRIT OF MANDAMUS


Roy L. Smithwick, Jr.
Pro-Se
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville, Tx. 78102

## IDENTITY OF PARTIES AND COUNSEL

RELATOR, Is a person confined in the Texas Department of Criminal
Justice and may be contacted as addressed below.

Roy L. Smithwick, Jr.
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville, Tx. 78102

Respondent, Is a Clerk for the Court of Criminal Appeals and
may be contacted at the address below.

Clerk of the
Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Beeville, Texas 78711

## TABLE OF CONTENTS

Identitiy of Parties and Counsel—————————————————————II.

Table of Contents—— ——II.

Index of Authorities—————————————————————————II,III.

Statement of the Case—— ——III,IV

Statement of Jurisdiction————————————————————IV,

Issues Presented—— ——V.

Statement of Facts————————————————————————————V,VI.

Arguement—— ——1.

Prayer————————————————————————————————————5.

Declaration—— —— ——6.

## INDEX OF AUTHORITIES

1. Cr. Codes and Proc. Article 11.07 Sec. 4a(1)(2)————————— III>3

2. Tex. Gov. Code § 22. —— IV

3. Haines v. Mays 404 U.S. 319,320 (1972)——————————————— 1.

II.

4. Wade v. Mays 689 S.W.2d 893, 897 (1985 Tex.Cr.App)------

5. Ex Parte Neal Hampton Robbins Ct.Cr.App. No.73,484-02 --

6. 83rd. Legislature - H.B.-1847, S.B.-825, & S.B.-1611----

7. Will v. United States 389 U.S. 90, 96 (1967)          --

8. Meissner v. Fuchs, 290 S.W.2d 941, 944 (Tex.Civ.App. -
    Galveston 1956)----------------------------------------

9. Wortham v. Walker [133 Tex. 255] 128 S.w.2d @ 1151 (1939)
                                                           --


## STATEMENT OF THE CASE

The clerk of the Court of Criminal Appeals has set aside the Legal Statues of Article § 11.07 Sec. 4a(1)(2) "New Legal Basis" and "Constitutional Violations" by a State Prosecutor to defer to the Court of Criminal Appeals Order to not accept Relators Application for 11.07 unless he "... is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a Writ of Habeas Corpus."

The clerk of the Court of Criminal Appeals has the Ministerial Duty to Obey the Courts Orders within the Statues of Law.

Texas Criminal Codes and Procedures Art. 11.07 Sec. 4a(1)(2) allows for a sucessive filing if a "NEW LEGAL BASIS"or a "CONSTITUTIONAL VIOLATION " ocurred that no rational juror could have found Relator Guilty beyond a Reasonable Doubt.

Legislation has enacted Article 11.073 which this Court of Criminal Appeals has established is a "NEW LEGAL BASIS" previously unavailable for consideration in a Prior Application.

III.

Relator is citing for the first time that the Trial Prosecutor Knowingly and Intentionally violated his Constitutional rights to a Fair Trial by having pre-Trial Knowledge that the State Offerred Scientific Testimony was going to be Falsified. With out Such fabricated Scientific Evidence Relator would not have been found Guilty beyond a Reasonable Doubt and Maintained his innocence.

Relator has Satisfied the Requirements for a Successive Application Under Sec. 4a(1)(2) due to the "NEW LEGAL BASIS" previously unavailable for consideration in a Prior Application (Article 11.073) and the knowingly fabricated Scientific Evidence violated Relator's "CONSTITUTIONAL RIGHT TO A FAIR TRIAL" which is a "MISCARRIAGE OF JUSTICE" by a State Official.

Wherefore the Clerk of the Court of Criminal Appeals has the Ministerial Duty to file and set for review Relators Application for Habeas Corpus Relief or at the Minimum recomend that a Record be developed to base a decision on.

## STATEMENT OF JURISDICTION

This Appeals Court has Jurisdiction to issue Writs of Mandamus over Matters concerning Ministerial Duties of a State Official; Under Tex.Gov't Code § 22.

Relator has no other Adequate Legal Remedy to Petition the Clear Ministerial Duty of the Clerk of the Court of Criminal Appeals to follow the Courts Orders within the Statutes of Law to allow Relators Constitutional Right to Access the Court by filing and Setting the Cause for Review.

IV.

## ISSUES PRESENTED

The Clerk of the Court of Criminal Appeals has Abused his Discretion and Ministerial Duty by Refusing Relators Due Process Right to Application of Law to file and set for consideration of a successive Application for Habeas Corpus Review which has met the Requirements set out in Criminal Codes and Procedures Article 11.07 Sec. 4a(1)&(2).

(Article 11.07 Sec. 4a[1])

Relator has a Constitutional Due Process Right to Application of a "NEW LEGAL BASIS" (Art. 11.073) which was previously unavailable for consideration in a Prior Application.

(Article 11.07 Sec. 4a[2])

Relator has a Constitutional Right to Due Process of Law to have a FIRST TIME CLAIM of a "Miscarriage of Justice" addressed on the merits concerning the TRIAL PROSECUTORS KNOWINGLY AND INTENTIONALLY falsification and fabrication of scientific testimony which violated Relators Constitutional Due Process Right to a FAIR TRIAL. No rational Juror would have found Relator guilty beyond a reasonable doubt absent the constitutional right violations to a FAIR TRIAL by the Prosecutor.

## STATEMENT OF FACTS

On 3/18/2009 Relator was cited for Abuse of Writ. The Instructions to the Clerk were not to accept another Application for Habeas Corpus Relief unless Relator "... is able to show in such an application that any claims presented have not been

V.

rasied previously and that they could not have been presented in a previous application for a Writ of Habeas Corpus."

On Sep. 1, 2013 Legislation enacted an Amendment to Criminal Codes and Procedures to add Article 11.073 that pertained to certain Scientific Evidence.

On Nov. 26, 2014 the Court of Criminal Appeals found that Article 11.073 satisfied the requirement for a Successive review for relief under Art. 11.07 Sec. 4a(1); - A "NEW LEGAL BASIS" previously unavailable for consideration in a prior Application. (See Ex Parte Neal Hampton Robbins, WR-73,484-02)

Before Exercising Relators Newly Granted Right to review on a NEW LEGAL BASIS he DILIGENTLY SOUGHT to find whether the State Prosecutor knew the Expert Testimony offered at trial was false and unreliable by requesting the Scientific Documents/ Reports used for Pre-Trial Preparation.

83rd Legislative House Bill 1847, Senate Bill 825, and Senate Bill 1611 enactment all revolve around the Transparency of the Prosecutors Office to Disclose information to met the Publics demand to prevent or resolve wrongfull convictions and provide a Constitutional Due Process Rights to Fair Trials to Citizens.

Despite the Publics Demands the Webb Co. District Attorney refused to release scientific documents/Reports used by the Trial Prosecutor to prepare for Trial. (Relator presents Due Diligence to provide proof of his claims but is being obstructed to his legal right to access the proof for the claims.)

VI.

Relator Applied for Habeas Corpus Relief on or about Jan. 7, 2015 citing the New Legal Basis of Art. 11.073 and a Miscarriage of Justice.

The Trial Court did not act as a fact finder applying the NEW LEGAL BASIS standard of review to develop the records for the Court of Criminal Appeals clerk or the court to review and base a decision on the Scientific Trial Testimony that has shown to be intentionally falsified and relied upon by the State to obtain a conviction.

On 3/18/2015 The Clerk of the Court of Criminal Appeals, without a developed record from the Trial Court, found that Relator did not met the standard for review set out in the Appeals Court Order and ignored the legal statue of Article 11.07 Sec. 4a (1)&(2).

Relator did met the standard for review under the Statue of Art. 11.07 Sec. 4a(1)&(2); - "NEW LEGAL BASIS" previously unavailable for consideration in a privious application and Constitutional Due Process violations to a Fair Trial by a State Prosecutor, absent such violations no rational Juror would have found Relator Guilty beyond a Reasonable Doubt.

## ARGUEMENT

Relator is proceeding Pro-Se in this cause and asks the Court of Criminal Appeals to hold him to a less Stringent standard then formal pleadings made by an Attorney. (See -- Haines v. Hernar, 404 U.S. 319, 320 [1972])

"In determining the specific nature of the Extraordinary

1.

relief sought, this Court will not be limited by the denomination of Petitioner's pleadings, but will look to the essence of the pleading, including the prayers, as well as the record before Us." (See Wade v. Mays 689 S.W.2d 893, 897 [1985 Tex.Cr. App.])

On 3/18/2015 The Clerk of the Court of Criminal Appeals found Relator did not met the Standard for review under Order set out by the court.

The Court of Criminal Appeals set out in its order that the Clerk was not to accept another Application from Relator unless he "... is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a Writ of Habeas Corpus."

The Clerk of the Court has the Ministerial Duty to also apply the Statues of Law aside from the Courts Order.

The Court has established in Ex Parte Neal H. Robbins, WR-73,484-02, that Article 11.073 is a "NEW LEGAL BASIS" previously unavailable for consideration in a prior application and satisfies the requirements for a successive application Under Art. 11.07 Sec. 4a(1).

Relator is citing article 11.073 as a "NEW LEGAL BASIS" for relief as the Article was previously unavailable for consideration in a prior application for relief.

Relator has therefore met the Standards for relief under Legal Statue of Article 11.07 Sec. 4a(1).

2.

Also, Relator is citing for the FIRST TIME that a "Miscarriage of Justice" occurred by the Trial Prosecutor knowingly and intentionally offerring false and unreliable Scientific testimony which denied Relator's Constitutional Due-Process Right to a FAIR TRIAL by a State Official. Absent this Constitutional Due-Process violation no rational Juror would have found Relator guilty beyond a reasonable doubt.

Relator has therefore met the Standard for relief under Legal Statue of Article 11.07 Sec.4a(2).

## NO DEVELOPED RECORD

It should be noted that there has never been a developement of the records considering the Affidavits and Exhibits that show the Trial Prosecutor "KNOWINGLY" relied upon false scientific testimony to obtain a conviction which denied Relator a Constitutional Right to a Fair Trial by a State Official.

Should the Trial Court have developed the record there exsist the likely hood of finding a Miscarriage of Justice Occurred and the Clerk of the Court would have not made the erroneous findings because a record would have been available to address the issues presented.

## DUE DILIGENCE OBSTRUCTED

Relator has attempted to address the Miscarriage of Justice claim by requesting the Scientific Documents/Reports used to prepare for Trial by the Prosecutor. Relator is legally entitled

3.

to the scientific Doucuments/Reports through new Laws passed. to prevent or resolve wrongfull convictions but the Prosecutors Office refused to disclose the information even though the Public demanded Legislators to enact Laws for the Transparency of the Prosecutors Office as the result of wrongfull convictions due to the Prosecuots withholding evidence. and Reports.

A Non-Disclosure raises the presumption of correctness of Relators claims. The Prosecutors office does not negate the claims by providing the Scientific Documents/Reports Used by the Trial Prosecutor which Relator is legally entitled to.

Relator has Shown a Due Diligence to investigate and properly present the claim of a Miscarriage of Justice but the Webb Co. D.A.'s office does not want to abide by the basic priciples of the U.S. Constitution. This undermines the Publics Trust in the Governments ability to Provide FAIR TRIAL to it's Citizenry.

Such Constitutional Violations can not be set aside as part of Justice and go unaddressed.


## CONCLUSION

Relator has shown a new legislative granted right of a "NEW LEGAL BASIS" standard of review, presents a clear Ministerial Duty to file and set the issues for Habeas Corpus Relief to be addressed on their Merit with a Developed Record.

A First time claim of a State Prosecutor violating Relator's Constitutional Due Process Right to a Fair Trial has never been

4.

addressed on the merits. This claim will show that absent the constitutional violation to a Fair Trial No Rational Juror would have found relator guilty beyond a reasonable doubt; Thus Relator is entitled to the Ministerial Duty of the Clerk to file and set for the Apeals Courts review issues presented.

Relator has Diligently sought to provide the Scientific Documents used by the Trial Prosecutor but has been denied access to the information even though disclosure is required by Law enacted by the public demands of State Legislators to provide fair trials to its citizenry.

The entitledment to review is "Indisputable" Will v. United States 389 U.S. 90, 96 (1967) and "Abundantly clear." Meissner v. Fuchs, 290 S.W.2d 941, 944 (Tex.Civ.App. - Galveston 1956) Relator has presented an "Issue to require the execution of matters whose merit is beyond dispute..." (Wartham v. Walker [133 Tex 255] 128 S.W.2d at 1151 [1939])

## PRAYER

Wherefore Relator Prays that the Clerk of the Court of Criminal Appeals be instructed to FILE AND SET for Review the Application for Habeas Corpus Relief recieved on 3/6/2015 and/or that the Court consider other relief such as having the Trial Court develope a record for review by conducting an evidentairy hearing addressing the claims.

Respectfully Presented,

Roy L. Smithwick Jr.

7-4-15

5.

Roy L. Smithwick Jr.
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville, Tx. 78102

## DECLARATION

I, Roy L. Smithwick, Jr. Do Here-by Declare under the penality of perjury that every statement in the foregoing Petition for Writ of Mandamus is true and correct. Also that every conclusion made from the information available to me is also true and correct to the best of my knowledge.

Roy L. Smithwick, Jr.

7-4-15

6.