

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00305-CV

IN RE THE STATE OF TEXAS, RELATOR

ORIGINAL PROCEEDING

October 3, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

On August 9, 2018, relator Christopher Dennis, District Attorney for the 286th Judicial District of Hockley County, filed a petition for writs of mandamus and prohibition in this Court. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2017); TEX. R. APP. P. 52. By his petition, Dennis asks this Court to issue a writ of mandamus ordering the Honorable Pat Phelan, presiding judge of the 286th District Court of Hockley County, to withdraw his July 23, 2018 orders disqualifying the District Attorney's Office from prosecuting cases against two defendants, and a writ of prohibition preventing the trial court from disqualifying the District Attorney's Office from prosecuting any other causes without good cause being shown. We deny Dennis's petition.

## Background

On June 7, 2018, Christina Woods-Duffy filed multiple motions to disqualify the 286th Judicial District Attorney's Office based on a claim of prosecutorial vindictiveness rising to the level of violation of her clients' due process rights. Woods based her argument on Dennis's revocation of all pending plea offers to Woods's clients by text and letter after the two attorneys were involved in a contentious hearing regarding the exclusion of the State's expert witnesses in another case. Of significance to the present proceeding, during a July 2nd hearing on Woods's motions to disqualify, Judge Phelan asked Dennis if he had withdrawn all offers to clients of a particular attorney by a similar text or letter. Dennis responded that he had and, when Judge Phelan asked to whom, Dennis expressly identified Laurie Key as one such attorney.

Because Dennis identified that he had previously withdrawn plea offers to all of Key's clients, Key filed motions to disqualify the 286th Judicial District Attorney's Office from cases involving James Darrell Bridges and Ernesto Salinas, both of whom are criminal defendants being represented by Key and prosecuted by Dennis. The trial court held a hearing on the motions at which Key argued that Dennis's statement at the July 2nd hearing identified a policy of the district attorney's office not to make plea bargain offers to any of Key's clients. Dennis denied that he or the district attorney's office had any policy refusing to make plea bargain offers to Key's clients. Following the hearing, Judge Phelan pronounced that he would grant the motions to disqualify and, subsequently, issued written orders granting the motions and appointing a special prosecutor. In response, Dennis filed his petition for writs of mandamus and prohibition.

Law

Mandamus relief is generally only appropriate when the trial court has clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). "A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law correctly to the facts." *In re USA Waste Mgmt. Res., L.L.C.*, 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). As the party seeking relief, the relator bears the burden to provide a sufficient record to establish his entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

A writ of prohibition must meet the same standards as a writ of mandamus; prohibition seeks to "prevent the commission of a future act whereas [mandamus] operates to undo or nullify an act already performed . . . ." *In re Medina*, 475 S.W.3d 291, 297 (Tex. Crim. App. 2015) (quoting *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985)). To establish entitlement to relief through a writ of prohibition, an applicant must show that the act he wishes the court to restrict "does not involve a discretionary or judicial decision." *Id.* (quoting *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009)). In addition, an applicant must show that he has no adequate remedy at law. *Id.* The applicant bears the burden to prove that he is entitled to a writ of prohibition. *See In re Thorn*, Nos. 14-14-00190-CR, 14-14-00191-CR, 14-14-00192-CR, 2014 Tex. App. LEXIS 2824, at *3 (Tex. App.—Houston [14th Dist.] Mar. 13, 2014, orig. proceeding) (mem. op., not designated for publication) (per curiam).

Analysis

The Texas Rules of Appellate Procedure set forth the documentation requirements necessary to support an original proceeding. Specifically, the relator is required to file an appendix containing "a certified or sworn copy of any order complained of, or any other document showing the matter complained of . . . ." TEX. R. APP. P. 52.3(k)(1). The relator must also file a record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," as well as "a properly authenticated transcript of any relevant testimony from any underlying proceeding . . . ." TEX. R. APP. P. 52.7(a). The relator must also certify that "every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Dennis has failed to comply with these rules here.

As an initial matter, Dennis does not include a "certified or sworn copy" of the trial court's order disqualifying the District Attorney's Office in the cases involving Bridges and Salinas. Likewise, many of the other documents included in the appendix to his original petition are not certified or sworn copies. In addition, Dennis has not certified that all factual statements contained within the petition is supported by competent evidence included in the appendix or record. Consequently, Dennis's petition does not contain certified or sworn documentation necessary to support his request for relief.

Conclusion

Because relator has not met the basic requisites to establish his entitlement to mandamus or prohibition relief, we deny his petition.


Judy C. Parker
Justice