NUMBERS 13-11-00382-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE RANDALL BOLIVAR

 

 



On Writ of Prohibition

Emergency Motion to Stay Court Proceedings.

 

 



MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and Perkes

Memorandum Opinion Per Curiam[1]

On
June 17, 2011, Randall Bolivar filed a “Writ of Prohibition Emergency Motion to
Stay Court Proceedings.”  The Court has requested and received a response from
the State of Texas, acting by and through the Honorable Armando R. Villalobos,
Cameron County District Attorney.

The traditional
test for determining whether mandamus or prohibition relief is appropriate
requires the relator to establish (1) that he has no adequate remedy at law to
redress the harm that he alleges will ensue if the act he wishes to prohibit is
carried out, and (2) that that the act he seeks to compel or prohibit does not
involve a discretionary or judicial decision.  Simon v. Levario, 306
S.W.3d 318, 320 (Tex. Crim. App. 2009).  If the relator fails to satisfy either
aspect of this two-part test, then relief should be denied.  See id.  The
latter requirement is satisfied if the relator can show he has “a clear right
to the relief sought”—that is to say, “when the facts and circumstances dictate
but one rational decision” under unequivocal, well-settled (i.e., from extant
statutory, constitutional, or case law sources), and clearly controlling legal
principles. State ex rel. Young v. Sixth Judicial District Court of Appeals,
236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  The “essential difference” between a writ of prohibition and a writ of mandamus is that the former issues to
prevent the commission of a future act whereas the latter operates to undo or
nullify an act already performed; the former will not be granted when the act
sought to be prevented is already done, but will lie when such an act is not a
full, complete and accomplished judicial act.  Wade v. Mays, 689 S.W.2d
893, 897 (Tex. Crim. App. 1985). 

 It is relator’s burden
to properly request and show entitlement to mandamus relief.  Barnes v.
State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding) (“Even a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.”).  In addition to other
requirements, relator must include a statement of facts supported by citations
to “competent evidence included in the appendix or record,” and must also
provide “a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the appendix or record.”  See
generally Tex. R. App. P.
52.3.  In this regard, it is clear that relator must furnish an appendix or
record sufficient to support the claim for mandamus relief.  See id. R.
52.3(k) (specifying the required contents for the appendix); R. 52.7(a)
(specifying the required contents for the record).

The Court, having
examined and fully considered the Writ of Prohibition Emergency Motion to Stay
Court Proceedings and the response thereto, is of the opinion that relator has
not met his burden to obtain the requested relief.  See State ex rel. Young,
236 S.W.3d at 210.  Accordingly, relator’s petition for writ of prohibition and
emergency motion to stay is denied.  See Tex. R. App. P. 52.8(a).

 

                                               
                                            

                                                                                    PER
CURIAM

 

J.
Benavides, dissenting without a separate opinion, would conclude that the
record provided is sufficient to examine relator’s claims on the merits.

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 

Memorandum Opinion delivered and 

filed this the 24th day of June, 2011.

 

                                                            









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).