1C966500010 46,247-12

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 MAR -5 AM 11: 15

Keith E. Hottle
KEITH E. HOTTLE, CLERK

Date: February 24, 2015

Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

RE: Filing of Petition for Writ of Mandamus & Prohibition

Dear Clerk,

This document contains some pages that are of poor quality at the time of imaging.

Enclosed, please find the Original and eleven (11) copies of the "Relator's Petition for Writ of Mandamus & Prohibition."

Please file this document and bring it to the Court's immediate attention for any proceedings to be had thereon.

By copy of this letter, I am forwarding a copy of this instrument to the Fourth Court of Appeals and Susan D. Reed, the Bexar County Criminal District Attorney.

Thank you in advance for your time and kind assistance in this very important matter.

Sincerely,

Hiram Miles
Hiram Miles
TDCJ-CID No. 785448
W.P. Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

c/file

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 12 2015

Abel Acosta, Clerk

No. _____

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 MAR -5 AM II: I5

*Keith E. Hottle*

KEITH E. HOTTLE, CLERK

IN THE

TEXAS COURT OF CRIMINAL OF TEXAS

AT AUSTIN

HIRAM MILES,
                 Relator,

V.

COURT OF APPEALS FOR THE FOURTH DISTRICT
                 OF TEXAS,
                         Respondent.

RELATOR'S PETITION FOR WRIT OF MANDAMUS & PROHIBITION

Hiram Miles
TDCJ-CID No. 785448
William P. Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

RELATOR, PRO SE

No. _____

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 MAR -5 AM 11: 15

_Keith E. Hottle_

KEITH E. HOTTLE, CLERK

HIRAM MILES,
Relator,

v.

COURT OF APPEALS FOR THE FOURTH DISTRICT
OF TEXAS,
Respondent.

_____

IDENTITY OF PARTIES AND COUNSEL

_____

The following is a complete list of the parties, the attorneys, and any other person who has an interest in the outcome of this suit:

Susan D. Reed
Bexar County Criminal District Attorney
Cadena-Reeves Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Fourth Court of Appeals District
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

# TABLE OF CONTENTS

Identity of Parties & Counsel ............................... i

Table of Contents ......................................... ii

Index of Authorities ...................................... iii

Statement of the Case ..................................... iv

Statement of Jurisdiction ................................. v

Issue Presented ........................................... vi

Statement of Facts ........................................ 1

Summary of the Argument ................................... 3

Argument .................................................. 4

       Issue One:

           The Fourth Court of Appeals Judgment/Opinion Is Outside
           Of The Anders/Stafford Procedure Established By The U.S.
           Supreme Court and Court Of Criminal Appeals Of Texas,
           Rendering It Void

Prayer .................................................... 8

Unsworn Declaration ....................................... 9

Certificate of Service .................................... 9

Appendix .................................................. 10

# INDEX OF AUTHORITIES

**Federal Cases:**

Anders v. California,386 U.S.738,87 S.Ct.1396,18 L.Ed.
493 (1967)............................................... 5,6,8

Fay v. Noia,372 U.S.391,83 S.Ct.822,9 L.Ed.2d 837 (1963)... 7

**States Cases:**

Chester,In Re, 309 S.W.3d @ 718(Tex.App.-Houston[14th Dist.]
2010).................................................... 8

Choice ! Energy,L.P.,325 S.W.3d 810(Tex.App.-Houston[14th
Dist.]2010)............................................. 8

Rodriguez v. Marquez, 4 S.W.3d 227(Tex.Crim.App.1999)...... 4

Stafford v. State, 813 S.W.2d 511(Tex.Crim.App.1991)....... 5,6,8

Texas Dept. of Corrections v. Dalehite, 623 S.W.2d 420,
424 (Tex.Crim.App.1981)................................ 4

Wade v. Mays, 689 S.W.2d 893,899 (Tex.Crim.App.1985)....... 4

**Statutes:**

Article 11.07, Section 4, Texas Code of Criminal Procedure.. 7

## STATEMENT OF THE CASE

Relator was indicted on January 4,1996, for the offense of murder alleged to have been committed on or about October 10,1995. (C.R. Vol.I,p.7)

Jury trial commenced on March 31,1997 (C.R. Vol.I,p.8), after a plea of not guilty, a verdict of guilty was returned on April 3,1997 and the jury assessed punishment on that same day at life imprisonment and a $10,000 fine. (C.R. Vol.II, p.176)

A motion for a new trial was filed and overruled on April 21,1997. (C.R. Vol.II,p.184)

Relator timely filed a notice of appeal on April 17,1997. (C.R. Vol.II,p.193)

After Anders proceeding the Fourth Court of Appeals in Appeal No. 04-97-00313-CR was initiated,the Court Affirmed the trial court's judgment on March 3,1999.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus and prohibition. **Article 4.04, Texas Code of Criminal Procedure and Article 5, Section 5, Texas Constitution.**

## ISSUE PRESENTED

**Issue One:**    The Fourth Court Of Appeals Judgment/Opinion Is Outside Of The Anders/Stafford Procedure Established By The U.S. Supreme Court And Court Of Criminal Appeals Of Texas, Rendering It Void.

## STATEMENT OF FACTS

On May 18,1998, court-appointed appellate counsel, Raymond Fuchs, filed a "Anders Brief In Support Of Motion To Withdraw As Counsel" with the Fourth Court of Appeals in Appeal No. 04-97-00313-CR.

Mr. Fuchs provided Relator with a copy of the Anders Brief and advised him of his right to review the record and file a Pro Se Brief.

Mr. Fuchs, also, sent the 290th District Court's address to contact for the trial record to be sent to him; notifying him also of the time limitations to file the brief suggesting that Relator request for an extension of time, giving him the Fourth Court of Appeals address. see **Appendix Tab-A, Attachment-1: Order of the Fourth Court of Appeals, dated July 20,1998: [Affidavit of Hiram Miles]**

On May 26,1998, Relator, as instructed wrote the trial court judge Sharon S. MacRae requesting for the record.

On July1,1998, in response to the letter, Judge MacRae stated "I have no proprietary interest in the records that you request, contact the Court of appeals."

On July 5,1998, Relator wrote the Fourth Court of Appeals asking for his records by motion, to file his brief.

On July 20,1998, the Fourth Court of Appeals ackowledged in a Order that Relator asserted his right to file a pro se brief.

This Order directed the Bexar County District Clerk to prepare and send a full and complete duplicate copy of the

1

Clerk's and Reporter's Records for Cause Number 1996-CR-0010 to Relator. See **(Appemdix, Tab-A,[Affidavit of Hiram Miles] Attachment-1)**

In this Order, it stated that "the Pro Se Brief is due on or before the 18th day of September 1998." Id.

On September 18, 1998, Fourth Court of Appeals Clerk, Mr. Herb Schaefer, acknowledged receipt and filing of the "Pro Se Appellant Brief" for the Fourth Court of Appeals. See **(Appendix, Tab-A,[Affidavit of Hiram Miles] Attachment-2)**

Relator provided Mr. Fuch with a copy and also forwarded a copy to Enrico B. Valdez, the attorney representing the State. See **(Appendix, Tab-A)**

The State's attorney filed three (3) motions for extensions of time and filed its reply brief on January 19,1999.

On February 4,1999, Relator was notified by Clerk Schaefer that the Court set a formal submission on "Briefs" on the 2nd day of March, A.D. 1999.

On March 3,1999, Justice Karen Angelini delivered the Opinion for the Court affirming Relator's conviction by review of the brief filed by Mr. Fuchs and the record, agreeing that the appeal was frivolous and without merit granting counsel's motion to withdraw. See **(Appendix, Tab-A,[Affidavit of Hiram Miles], Attachment-3: Opinion, Fourth Court of Appeals)**

Justice Angelini in her Opinion further noted that "Miles has not filed a brief." Id.

Relator's "Pro Se Appellant Brief" has not been reviewed nor considered as mandated by the U.S. Supreme Court's holding on the Anders procedure.

2

## SUMMARY OF THE ARGUMENT

Court-appointed appellate counsel filed an Anders' Brief In Support of Motion to Withdraw as Counsel, triggering the Anders'/Stafford three (3) step mandate by the U.S. Supreme Court and Texas Court of Criminal Appeals. Intermediate State Appellate Courts must follow this procedure to the conclusion of its appellate review.

In this case at bar, where the Fourth Court of Appeals abandined review of "Appellant's Pro Se Brief" required by Anders/Stafford judgments, it went beyond its jurisdiction to enter any judgment, thereby rendering the Order of affirmation of the conviction and sentence void.

Relator pursues Writ of Mandamus in order for this Honorable Court shall have the power to issue the writ and enforce its judgment as decided in Stafford v. State which was determined in accord with Anders v. California.

3

# ARGUMENT

## The Fourth Court Of Appeals Judgment/Opinion Is Outside Of The Anders/Stafford Procedure Established By The U.S. Supreme Court And Court Of Criminal Appeals Of Texas, Rendering It Void.

---

## Standard of Review

To obtain mandamus relief with respect to judicial conduct, a Relator must show:

1) a clear right to relief usually when the judicial conduct in question violates a ministerial duty, and

2) no adequate remedy at law to redress the alleged harm.

See **State ex. rel. Rodriguez v. Marquez**, 4 S.W.3d 227 (Tex.Crim. App. 1999)

&ast; &ast; &ast;

The Wade Court determined that "under the ministerial act/clear legal right requirement, the law must "Clearly spell [] out the duty to be performed...with such certainty that nothing is left to the exercise of discretion or judgment." See **Wade v. Mays**, 689 S.W.2d at 899 (Tex.Crim.App.1985)(Quoting Texas Department of Corrections v. Dalehite, 623 S.W.2d 420,424 (Tex.Crim.App.1981))

The governing law in this case is spelled out in steps by the U.S. Supreme Court and Texas Court of Criminal Appeals in a way that cannot be interpreted in no other way.

Therefore, Relator will demonstrate that the judicial conduct of the Justices of the Fourth Court of Appeals violates a ministerial duty to review the "Pro Se Appellant's Crief."

4

This Honorable Court of Criminal Appeals of Texas in Stafford v. State, 813 S.W.2d 511 (Tex.Crim.App.1991) adopted the U.S. Supreme Court's three (3) step procedure to determine if an indigent's appeal is wholly frivolous. See **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.493 (1967)

**Counsel's Role** – Appointed counsel must make a conscientious review of the record to decide if it presents any nonfrivolous grounds for appeal. If this review convinces appointed counsel the appeal is wholly frivolous, he must ask the court for permission to withdraw. But he must file "a brief referring to anything in the record that might arguably support the appeal" and provide the appellant with a copy of th is brief. **Anders**, 386 U.S. at 744

Appointed counsel thus has the responsibility to file an Anders brief that will help the court correctly dispose of the appellant's appeal.

**Appellant's Role** – If appointed counsel files a motion to withdraw and a brief complying with Anders/Stafford, the court must provide the appellant with time to file a pro se brief "to raise any pointes he chooses...." Id.

This pro se brief is thus the appellant's opportunity to help the court decide if the record on appeal raises any nonfrivolous ground for an appeal.

**The Court's Role** – After the appellant has been given an opportunity to file a pro se brief, the court must conduct a "full examination of all of the proceedings,to determine whether the case is wholly frivolous." To make this determination, the court reviews the Anders brief filed by appointed counsel, the record on appeal,and **any pro se brief filed by the appellant.** If the court establishes the appeal is wholly frivolous, it affirms the judgment.

But, if the review reveals an arguable ground for appeal, the court must appoint another attorney to assist the

5

appellant in arguing the appeal. Id.

The above procedures are a ministerial duty mandated by the Court of Criminal Appeals and is not left to discretion by any lower court. See **Anders v. California,** 87 S.Ct.1396(1967); **Stafford,supra.**

Appointed counsel's filing of an Anders Brief and motion to withdraw triggered the Anders/Stafford procedure mandated by the U.S. Supreme Court and Court of Criminal Appeals of Texas.

Relator did not agree with appointed counsel's finding that the appeal was frivolous and asserted his right under Anders/Stafford.

Relator fulfilled his role as required pursuant to the Anders/Stafford procedure by filing his "Pro Se Appellant's Brief" on September 18,1998. See **(Appendix, Tab-A, [Affidavit Of Hiram Miles] Attachment - 2: Notice of Receipt By Clerk,dated September 18,1999)**

The Fourth Court of Appeals did not fulfill its role prior to rendering judgment by stating in its Opinion "Miles has not filed a brief." See **(Appendix, Tab-A [Affidavit of Hiram Miles] Attachment - 3: Opinion/Judgment of the Fourth Court of Appeals,dated March 3,1999)**

The Court ignored its ministerial duty to review the pro se brief by simply stating that "Miles has not filed a brief" when court records and notice of receipt from the court's clerk certifying otherwise.

Therefore, Relator is entitled to the review governed by the Anders/Stafford procedure.

6

The aforementioned steps must be followed in reaching the decision to affirm or appoint new counsel to argue the appeal. The review of any pro se brief filed by the Relator is required in this determination. Therefore, without the review of this brief on file with the Fourth Court of Appeals, it does not have jurisdiction to enter judgment of affirmation, and is void.

## NO ADEQUATE REMDEY AT LAW

Relator will demonstrate that he has no adequate remedy at law to redress the Fourth Court of Appeals failure to review the pro se brief as required by Anders/Stafford.

The only remedy from judgment/order by a court of appeals on direct appeal is the Application for a Writ of Habeas Corpus pursuant to Article 11.07, Texas Code of Criminal Procedure.

Your Relator does not meet the requirements in pursuing the state application due to his previous filings of State applications, whereby, **Section 4, Article 11.07** does not redress the hram done to Relator by the Fourth Court of Appeals. See **(Appendix, Tab-A, [Affidavit of Hiram Miles] Attachment - 4: Order of the Texas Court of Criminal Appeals,dated: March 12, 2014)**

In addition, the Fourth Court of Appeals judgment is obtained in violation of the Anders/Stafford procedure [DUE Process] and void for want of jurisiction of the court to render such judgment. See **Fay v. Noia**, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and requires no need for Relator to

7

demonstrate the No Adequate Remedy at Law standard.

Albeit, lower court's have determined that the "No Adequate Remedy at Law" is not necessary when the order being challenged is void. See **In Re Chester,** 309 S.W.3d @ 718 (Tex.App.-Houston [14th Dist.] 2010); See also **In Re Choice! Energy,L.P.,** 325 S.W.3d 810 (Tex.App.-Houston [14th Dist.] 2010)

In conclusion, Relator has attempted every avenue to obtain relief from the Fourth Court of Appeals arbitrary act to ignore the brief timely filed by Relator on September 18,1998. See **(Appendix, Tab-A [Affidavit of Hiram Miles] Attachment – 2)**

Relator contends that the Fourth Court of Appeals refusal to review the brief is due to the grounds raised in the brief being meritorious requiring abatement of the appeal, and remand to the trial court for appointment of new counsel to assist him in arguing those grounds.

### PRAYER

WHEREFORE,PREMISES CONSIDERED, Relator prays that this Honorable Court issues this Writ of Mandamus and Prohibition directing the Fourth Court of Appeals to review the "Pro Se Appellant's Brief" as required by **Anders v. California,** 87 S.Ct. 1396 (1967) and **Stafford v. State,** 813 S.W.2d 511 (Tex.Crim.App. 1991) Also, issue Prohibition to the Fourth Court of Appeals to prohibit any attempted decision without first revewing the "Pro Se Appellant's Brief."

EXECUTED on this the 25th day of February 2015.

Hiram Miles

RELATOR, PRO SE

8

## UNSWORN DECLARATION

I, Hiram Miles TDCJ-CID No. 785448, being presently confined on the TDCJ-CID William P. Clements Unit in Potter County, Texas verify under penalty of perjury that the foregoing is true and correct pursuant to V.T.C.A. Civil Practice and Remedies Code 132.001 - 132.003.

EXECUTED on this the 25th day of February 2015.

Hiram Miles
RELATOR, PRO SE

## CERTIFICATE OF SERVICE

I, Hiram Miles, Relator, pro se, do hereby certify that a copy of the "Petition for a Writ of Mandamus & Prohibition" has been served on the parties to this suit by placing same in the U.S. Mail System through the prison mailing system, on the 25th day of February, 2015, addressed to:

Susan D. Reed
Bexar County Criminal District Attorney
Cadena-Reeves Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Fourth Court of Appeals District
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

Hiram Miles
RELATOR, PRO SE

9

WRIT NO. WR-46,247-12

HIRAM MILES,
Relator,

VS.

COURT OF APPEALS FOR FOURTH DISTRICT OF TEXAS,
Respondent.

_____

APPENDIX TO RELATOR'S PETITION FOR WRIT OF MANDAMUS

AND PROHIBITION

_____

List Of Documents

1. Affidavit Of Hiram Miles
   Dated December 14, 2014 ................................... Tab A

10

T   A   B   -   A

(Affidavit Of Hiram Miles)

HIRAM MILES,                          §       IN THE CRIMINAL
            Relator,


VS.                                   §       COURT OF APPEALS


COURT OF APPEALS FOR
FOURTH DISTRICT OF TEXAS,             §       OF TEXAS, AT AUSTIN
            Respondent.


AFFIDAVIT OF HIRAM MILES

STATE OF TEXAS                        §

COUNTY OF POTTER                      §


BEFORE ME, the undersigned authority, personally appeared HiramMiles, who being by me duly sworn, did state on his Oath the following:

My name is Hiram Miles, I am over twenty-one (21) years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

1) My court-appointed appellate counsel, Raymond Fuchs, filed an "Anders Brief In Support of Motion to Withdraw as Counsel" in the Fourth Court of Appeals on May 18,1998. See **Miles v. State**, Appeal No. 04-97-00313-CR.

2) I obtained the trial court record upon Order of the Fourth Court of Appeals to the district clerk to prepare a complete copy of the record to be sent to me. see **(Attachment-1: Order of the Fourth Court of Appeals)**

3) After review of the trial record, I timely filed my "Pro Se Appeallant's Brief as required by the Anders

procedure on September 18,1998. See (Attachment-2: Notice of Receipt By Clerk)

4) The Fourth Court of Appeals, after the State's response reviewed appointed counsel's brief, allegedly the record and affirmed my Judgment of Conviction and Sentence on March 3,1999, granting counsel's motion to withdraw and stating "Miles has not filed a brief." See (Attachment-3: Opinion/Judgment of the Fourth Court of Appeals)

5) After filing eight (8) State Application For Writ of Habeas Corpus' under Article 11.07, TEX.CODE CRIM PROC., that avenue for remedying the harm is not available. see (Attachment-4: Order of the Texas Court of Criminal Appeals, Dated: March 12,2014)

The above and foregoing statements are true and correct to the best of my knowledge and presented under the penalty of perjury.

I will testify in any court of law on the fac ts presented in this affidavit.

### UNSWORN DECLARATION

I, Hiram Miles TDCJ-CID No.785448, being presently confined on the TDCJ-CID William P. Clements Unit in Potter County, Texas verify under penalty of perjury that the foregoing is true and correct pursuant to V.T.C.A. Civil Practice and Remedies Code 132.001 - 132.003.

EXECUTED on this the **30th** day of **December** 2014.

_Hiram Miles_
AFFIANT, PRO SE

A T T A C H M E N T  —  1

Order Of The Fourth Court Of Appeals

Dated: July 20,1998

July 20, 1998

No. 04-97-00313-CR

Hiram MILES,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 96-CR-0010
Honorable Sharon MacRae, Judge Presiding

**ORDER**

Appellant's attorney filed an *Anders* brief in this appeal. *Anders v. California*, 386 S.W.2d 738 (1967). Appellant has asserted his right to file a *pro se* brief and on July 9, 1998, filed a motion to obtain a copy of the record.

We therefore **ORDER** the District Clerk of Bexar County to prepare and send a full and complete duplicate copy of the clerk's and reporter's records for cause number 96-CR-0010 to appellant at Hiram Miles, TDCJ-ID No. 785448, Route 2, Box 4400, Gatesville, TX 76597. Appellant's *pro se* brief is due on or before the 18th day of September, 1998. The State's brief is due 30 days after appellant's brief is filed.

It is so **ORDERED** on July 20, 1998.

_____
Sarah B. Duncan, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of July, 1998.

_____
Herb Schaefer, Clerk

A T T A C H M E N T    -    2

Notice Of Receipt By Clerk, Dated: September 18,1998

COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
300 DOLOROSA, SUITE 3200
BEXAR COUNTY CRIMINAL JUSTICE CENTER
SAN ANTONIO, TEXAS 78205-3037
HERB SCHAEFER, CLERK

September 18, 1998

Raymond E. Fuchs
ATTORNEY AT LAW
Washington Square Bldg., Suite 101
800 Dolorosa Street
San Antonio, TX  78207

Hiram Miles
TDCJ-ID No. 785448
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX  76597

Edward F. Shaughnessy, III
Assistant Criminal District Attorney
Bexar County Justice Center
300 Dolorosa, Suite 4025
San Antonio, TX  78205-3030

RE:   Court of Appeals Number:   04-97-00313-CR
      Trial Court Case Number:   96-CR-0010

Style:  Hiram Miles
        v.
        The State of Texas

Dear Counsel and Mr. Miles:

The Pro Se Brief has this date been received and filed in the above styled and numbered cause.

Very truly yours,

HERB SCHAEFER, CLERK

_____
Apryl Stirling, Deputy Clerk

A T T A C H M E N T    —    3

Judgment/Opinion Of The Fourth Court Of Appeals

Dated: March 3,1999

# OPINION

No. 04-97-00313-CR

Hiram MILES,
Appellant

v.

The STATE of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 96-CR-0010
Honorable Sharon MacRae, Judge Presiding

Opinion by:      Karen Angelini, Justice

Sitting:         Tom Rickhoff, Justice
                 Paul W. Green, Justice
                 Karen Angelini, Justice

Delivered and Filed: March 3, 1999

AFFIRMED

Hiram Miles was convicted by jury of murder and sentenced to life imprisonment. Miles'

court-appointed attorney has filed a brief in which he raises two arguable points of error, but

nonetheless concludes that this appeal is frivolous and without merit. *Anders v. California*, 386 U.S.

738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief meets the

requirements of *Anders*. Counsel has provided Miles with a copy of the brief and advised him of his

right to review the record and file a *pro se* brief. *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.). Miles has not filed a brief.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. The judgment of the trial court is affirmed, and counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86.

Karen Angelini, Justice

DO NOT PUBLISH

# JUDGMENT

No. 04-97-00313-CR

Hiram MILES,
Appellant

v.

The STATE of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 96-CR-0010
Honorable Sharon Macrae, Judge Presiding

BEFORE JUSTICE RICKHOFF, JUSTICE GREEN, AND JUSTICE ANGELINI

In accordance with this court's opinion of this date, the judgment of the trial court is AFFIRMED, and the motion to withdraw as counsel is GRANTED.

SIGNED March 3, 1999.

_____
KAREN ANGELINI
JUSTICE

A T T A C H M E N T    —    4

Order Of The Texas Court Of Criminal Appeals

Dated: March 12,2014



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-46,247-11

### EX PARTE HIRAM MILES, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1996CR0010-W9
### IN THE 290TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam.*

## ORDER

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and was sentenced to life imprisonment.

Applicant alleges that his appellate counsel was ineffective for failing to inform him of his right to file a *pro se* petition for discretionary review. The trial court recommended that relief be granted based on appellate counsel's affidavit. However, Applicant has filed eight previous 11.07 habeas applications regarding this conviction. After a writ challenging a conviction is decided on

the merits, every subsequent application must meet an exception to Section 4 of Code of Criminal Procedure Article 11.07 to be addressed on the merits. *Ex parte Whiteside*, 12 S.W.3d 819 (Tex. Crim. App. 2000). Applicant relies on a revision to the Texas Rules of Appellate Procedure which did not take effect until January 1, 2007 as "new law" to meet an exception under Section 4. TEX. R. APP. P. 25.2(d). The alleged new law does not apply to Applicant's case; therefore he has not shown that he meets an exception to the bar on subsequent writ applications. Therefore, this application is dismissed pursuant to Section 4 of Code of Criminal Procedure Article 11.07.

Filed: March 12, 2014

Do not publish